Skoczynski *v.* Gilberton Coal Company et al., Appellants.

Argued September 16, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, and WATKINS, JJ. (ERVIN, J., absent).

*Penrose Hertzler,* for appellants.

*Thomas L. Kennedy, Jr.,* for appellee.

OPINION BY GUNTHER, J., November 14, 1958:

This appeal is from the decision of the Court of Common Pleas of Schuylkill County, affirming the referee and the board in a compensation case.

The claimant suffered an accident on August 16, 1956 and compensation was paid from August 24, 1956 to August 26, 1956, inclusive, a period of 3/7 of a week. He returned to work on August 27, 1956, without disability or loss of earnings but refused to sign a final receipt because of disfigurement and filed a claim petition for permanent disfigurement of the left side of his face.

The referee after hearing awarded compensation for a period of twenty-five weeks at the rate of $37.50 per week. An appeal taken to the board was dismissed. The matter was then appealed to the court. The court affirmed the board.

At the hearing before the referee, testimony was introduced indicating that the disfigurement could be removed by plastic surgery. The claimant has refused

the operation. The sole question before us is whether claimant must submit to an operation for removal of the disfigurement. The compensation authorities and the court decided that claimant cannot be deprived of compensation for disfigurement by reason of his refusal to submit to plastic surgery.

Appellant contends that claimant has forfeited his right to compensation under section 306(f) of the Act which provides that claimant shall forfeit all right to compensation for any injury or any increase in his incapacity resulting from his refusal of reasonable surgical, medical and hospital services, treatment, medicines and supplies, tendered to him by his employer. Does the refusal to submit to an operation to remove disfigurement come within the provisions of section 306(f) where, as here, the claimant is not disabled by the disfigurement? A number of cases were cited by appellant in support of the contention that section 306(f) applies to the case before us. A review of the cases, however, convinces us that section 306(f) applies in cases where an injured employe refuses medical or surgical attention which could remove the disability and restore earning power and capacity. It denies compensation to employes who refuse to submit to reasonable treatment or operation which can restore their earning power. *Zbieg v. Rochester and Pittsburgh Coal Company,* 175 Pa. Superior Ct. 308, 104 A. 2d 158; *Hanyok v. Pennsylvania Coal and Coke Corporation,* 155 Pa. Superior Ct. 194, 38 A. 2d 537; *Hudyck v. Wyoming Shovel Works et al.,* 299 Pa. 182, 149 A. 312; *Neary v. Philadelphia Coal and Iron Co.,* 264 Pa. 221, 107 A. 696. These cases involve a variety of disabilities arising from refusal to undergo reasonable surgical treatment. The purpose of section 306(b) imposes an obligation upon the employer to show that the disability was the result of the unwilling-

ness of the employe to receive treatment which would restore claimant's capacity to work.

In the instant case, the claimant's refusal of surgical treatment does not violate section 306(f). The plastic surgery offered does not affect disability of the claimant.

We must add at this point that there is a specific section of the Act which provides for payment of compensation for disfigurement. Section 306(c), 77 P.S. section 513 reads as follows:

". . . for serious and permanent disfigurement of the head, neck, or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-six and two-thirds percentum of wages not to exceed one hundred and fifty weeks." It is quite evident that there is a definite distinction between section 306(c) and section 306(f). The first applies to disfigurement only and the second applies to cases where treatment might alleviate the disability. Commissioner Parente, in the opinion of the board, stated that if a claimant elects to go through life marked by disfigurement it cannot be held that his choice is unreasonable. Denial of compensation because of claimant's refusal to submit to plastic surgery is unwarranted under our interpretation of the Act.

Order and judgment of the court below is affirmed.