Republic Steel Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Deppenbrook), Respondents.

Argued March 16, 1984, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Scott E. Becker, Thomson, Rhodes & Grigsby,* for petitioner.

Leonard P. Kane, Jr., Fried, Kane, Walters & Zuschlag, for respondents.

OPINION BY JUDGE PALLADINO, May 23, 1984:

Republic Steel Corporation (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order awarding workmen's compensation to Paul E. Deppenbrook (Claimant) for serious and permanent disfigurement under Section 306(c)(22) of The Pennsylvania Workmen's Compensation Act (Act).[1] We affirm.

Claimant was employed by Petitioner as a scrap shear operator when, on September 19, 1978, he sustained injuries to his face when he was struck by a steel bar. Claimant lost no compensable time from work as a result of the injury. All medical expenses incurred as a result of the injury were paid by the Petitioner. Claimant filed a claim petition alleging disfigurement as a result of facial scarring and a distorted nose suffered in the accident at work.

At the hearing, the scarring of Claimant's face was described by the referee in the presence of Petitioner's counsel without objection as:

> . . . a scar running along the outer edge of the right eyebrow, and it's approximately a quarter inch in width and in excess of an inch in length, slightly indented, has a light pigmentation, has a change in the contour of the Claimant's nose. It seems to come or seems to be toward the left and out to the right again, and there's a pink scar on the right side of the nostril, and there's also a growth in the left nostril, and again, there's distortion of the nostril in the center of the nostril.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513(22).

The referee found:

10. That as a result of the September 19, 1978 injury the Claimant sustained serious and permanent facial disfigurement of an unsightly nature which is not usually incident to his employment consisting of a light pigmented scar approximately 1/2 inch in width and in excess of 1 inch in length located on the outer edge of the right eyebrow. In addition the claimant's nose is distorted and there is a change in its contour, there is a pink pigmented scar on the right side of the nostril and a raised area on the bridge of the nose.

The referee awarded Claimant forty-eight weeks compensation. Petitioner appealed to the Board which affirmed the referee.

In order to receive an award pursuant to Section 306(c)(22) of the Act, a claimant must establish that his disfigurement (1) is serious and permanent, (2) results in an unsightly appearance and (3) is not usually incident to his employment. *Purex Corp. v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 499, 502, 445 A.2d 267, 269 (1982). Where, as here, the party with the burden of proof prevails before the compensation authorities, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the findings of fact were not supported by substantial evidence. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 594, 377 A.2d 1007, 1009 (1977).

Petitioner's first contention in this appeal is that the referee's finding that Claimant's disfigurement is permanent is not supported by substantial evidence. Specifically, Petitioner points to the unrebutted depo-

sition testimony of its medical expert, a plastic surgeon, that the distortion of Claimant's nose, which Petitioner contends was the primary disfigurement for which compensation was awarded,[2] could be eighty to ninety percent improved by surgery.[3] Thus, Petitioner argues that the disfigurement is not permanent.

It is well-established that whether disfigurement is permanent or temporary is purely a question of fact. *Workmen's Compensation Appeal Board v. Pizzo,* 21 Pa. Commonwealth Ct. 370, 372, 346 A.2d 588, 590 (1975). Thus, we must review the record to determine whether the referee's finding of fact in this regard is supported by substantial evidence. *American Refrigerator.* While competent medical evidence is *generally* necessary to support a finding of fact that disfigurement is permanent, this Court has recognized that the referee is competent to judge the probable permanence of certain disfigurements, such as the loss of an ear or nose or extensive facial scarring. *East Coast Shows v. Workmen's Compensation Appeal*

---

[2] The record does not support this contention.

[3] In this regard, the plastic surgeon, on examination by Petitioner's counsel, testified as follows:

Q: Doctor, maybe before I ask you for a percentage of improvement, let me ask you what you would have done to improve the physical appearance as in laymen's terms.

A: You would rebreak—using sort of imprecise terms —the bones of the nose and move them back. You might have to alter the cartilage or the soft part of the structure of the nose to try to get it back toward the midline, and one would have to address the septum to bring that back toward the midline.

Q: Doctor, in terms of a percentage of improvement of Mr. Deppenbrook's physical appearance as a result of the suggested surgery, what would be your opinion as to that?

A: I think there's a good likelihood of being able to achieve an 80 to 90 percent improvement in his appearance in regard to his nose as far as straightness of the nose.

*Board,* 37 Pa. Commonwealth Ct. 312, 315, 390 A.2d 323, 324-325 (1978).[4]

Initially, it appears that Petitioner has misinterpreted what is meant by a permanent disfigurement. It is our view that by the use of the word permanent in Section 306(c)(22) the Legislature intended to provide compensation for a disfigurement which would not significantly diminish with the passage of time. We do not believe that it was the Legislature's intent to provide compensation only for those disfigurements which could not be corrected or improved by medical procedures. *See Skoczynski v. Gilberton Coal Co.,* 188 Pa. Superior Ct. 426, 145 A.2d 859 (1958).[5] The referee here viewed Claimant's scars and distorted nose approximately twenty-one months after Claimant sustained the injury. It is our view that the referee's finding of permanence is supported by substantial evidence.

Petitioner next contends that the referee's finding that the scar above Claimant's right eyebrow is one inch in length is not supported by substantial evidence. Petitioner argues that the referee's estimate on the length of the scar, based on his personal view of Claimant, is not competent evidence in light of the plastic surgeon's unrebutted testimony that the scar was five-eighths of an inch long.

---

[4] While our Supreme Court's holding in *McGartland v. Ampco-Pittsburgh Corp.,* 489 Pa. 205, 413 A.2d 1086 (1980) affects the decision in *East Coast Shows,* we believe the legal proposition for which it is cited has continued vitality.

[5] Although *Skoczynski* involves a forfeiture of benefits under Section 306(f)(4) of the Act which will be discussed in greater detail below, the Court noted: "Commissioner Parente, in the opinion of the Board, stated that if a claimant elects to go through life marked by disfigurement it cannot be held that his choice is unreasonable. Denial of compensation because of claimant's refusal to submit to plastic surgery is unwarranted under our interpretation of the Act." *Id.* at 428-429, 145 A.2d at 860.

Again, the referee's finding in this regard cannot be disturbed unless it is not supported by substantial evidence. *American Refrigerator*. Initially, as noted above, Petitioner's counsel did not dispute the referee's description of the disfigurement at the hearing. Moreover, we believe that the referee is certainly competent to judge the size of a disfigurement. With respect to the plastic surgeon's testimony, accepting or rejecting the testimony of any witness in whole or in part is clearly within the referee's unique fact-finding role. *Pittsburgh Forgings Co. v. Workmen's Compensation Appeal Board*, 56 Pa. Commonwealth Ct. 150, 153, 424 A.2d 965, 966 (1981). Thus, Petitioner's second contention is without merit.

Petitioner's final contention is that Claimant has forfeited his right to compensation for facial disfigurement under Section 306(f)(4) of the Act.[6] That Section provides in relevant part: "[i]f the employee shall refuse reasonable services of duly licensed practitioners of the healing arts, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal." In support of its argument, Petitioner again points to the plastic surgeon's testimony that by surgery, Claimant's distorted nose could be improved eighty to ninety percent.[7]

The fatal flaw in Petitioner's argument is that it has misinterpreted the forfeiture provision in Section 306(f)(4). Pursuant to that provision, a claimant forfeits all rights to compensation for any increase in his incapacity or disability shown to have *resulted* from his refusal of reasonable medical services. *Hanyok v. Pennsylvania Coal and Coke Corp.*, 155 Pa.

---

[6] 77 P.S. §531(4).

[7] The record shows that Claimant refused this surgery.

Superior Ct. 194, 196, 38 A.2d 537, 538 (1944); *Skoczynski,* 188 Pa. Superior Ct. at 428, 145 A.2d at 860. The employer has the burden of establishing the extent of the compensable incapacity or disability resulting from such refusal. *Hanyok.* Thus, contrary to Petitioner's interpretation, this section does not require that a claimant, who has refused reasonable medical services which could substantially lessen his disfigurement, forfeit *all* rights to compensation arising from his initial injury.

For the forfeiture provision of Section 306(f)(4) to be applicable, a claimant must be receiving disability benefits reflecting an incapacity to perform his duties and the loss of earning power resulting from an injury. Permanent injuries under Section 306(c), however, are compensable irrespective of a claimant's actual disability or incapacity to labor. *Truck Lubricating and Washing Co. v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 495, 498, 421 A.2d 1251, 1253 (1980). A claimant is paid a statutorily prescribed amount "without considering, but including, all incapacity to labor that may be connected therewith, whether such incapacity be total, partial or no incapacity at all." *Yaklich v. Union Collieries Co.,* 158 Pa. Superior Ct. 55, 58, 43 A.2d 591, 595 (1945). Thus, because under the forfeiture provision of Section 306(f)(4) a claimant forfeits only his rights to compensation for an increase in his incapacity, that provision does not impact on a claimant's right to compensation for a permanent injury under Section 306(c). *See Skoczynski,* 188 Pa. Superior Ct. at 428, 145 A.2d at 860.[8]

---

[8] In *Skoczynski,* there was evidence presented that the claimant's disfigurement could be removed by plastic surgery, an operation which the claimant refused. The Court noted that Section 306(f)(4) applies in cases where an injured employe refuses medi-

Accordingly, we will affirm the Board's order awarding compensation to Claimant for disfigurement.

### ORDER

AND Now, May 23, 1984, the order of the Workmen's Compensation Appeal Board, No. A-81787, in the above-captioned matter is affirmed.

———

cal or surgical attention which could remove the disability and restore earning power and capacity. The Court held that because the surgery offered the claimant did not affect his disability, the claimant's refusal of surgical treatment did not violate Section 306(f)(4).