**Donald BEISSWANGER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (NGK METALS CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 4, 2001.

Decided Oct. 9, 2002.

As Amended Oct. 28, 2002.

John C. Jackson, Philadelphia, for petitioner.

No appearance entered on behalf of respondent.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, LEADBETTER, Judge, and DOYLE, Senior Judge [1], and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.[2]

Donald Beisswanger (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) reversing the Workers' Compensation Judge's (WCJ) decision which had granted his claim petition.

On January 23, 1998, Claimant filed a claim petition alleging that on May 10, 1991, he sustained a permanent disfigurement while working for NGK Metals Corporation (Employer) as a furnace operator/helper when hot metal exploded and splashed on the back of his neck. Employer filed an answer denying the allegation and alleging that the claim petition was time-barred under Section 315 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 602.[3]

■ Before the WCJ, Claimant presented two photographs of the scar on the back of his neck to support his disfigurement claim. Also at the hearing, the WCJ viewed the scar. Finding that Claimant's scar was permanent, serious and disfiguring and that the permanence of his scar was first established at the hearing held on June 11, 1998, the WCJ concluded that Claimant's date of injury was June 11, 1998, and, therefore, his claim petition was not time-barred and granted the claim petition.[4] Employer then appealed to the Board which reversed the WCJ, concluding that the discovery rule in Section 315 of the Act did not apply to disfigurement cases, Claimant knew or should have known about his scar within three years of the scarring incident, and he could not extend the three-year period set forth in Section 315 of the Act merely by failing to act within that time. This appeal followed.[5]

■ Claimant contends that the Board erred in reversing the WCJ's order and concluding that his claim petition was time-barred under Section 315 of the Act because, in specific loss cases, the three-year time period under Section 315 does not begin to run until all of the required elements of the injury have occurred. He

1. The decision in this case was reached prior to the date that Senior Judge Doyle retired from the Commonwealth Court.

2. This case was reassigned to the author on September 10, 2002.

3. That section provides, in relevant part:
   In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

4. The WCJ issued three decisions in this case. He amended his initial decision twice to change the number of weeks of benefits from 30 to 50 and to correct his reference to "hearing loss benefits" to "disfigurement benefits." Claimant had previously filed a separate hearing loss claim on which a hearing had been held on October 8, 1997.

5. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. The Western Pennsylvania Hospital v. Workmen's Compensation Appeal Board (Cassidy), 725 A.2d 1282 (Pa. Cmwlth.1999).

argues that because a finding of "permanence" is an essential element of disfigurement under Section 306(c)(22) of the Act,[6] and such a finding cannot be made, absent medical evidence until the WCJ views the scar, and, in this case, there was no medical or factual evidence in the record indicating that his scar became permanent prior to the WCJ's June 11, 1998 view of the scar, the three-year time period did not begin to run until that date, and, therefore, his claim petition was timely filed.

To establish entitlement to disfigurement benefits under Section 306(c)(22) of the Act, a claimant is required to prove that the alleged disfigurement is (1) serious and permanent; (2) of such character as to produce an unsightly appearance, and (3) not usually incident to the claimant's employment. *McCole v. Workers' Compensation Appeal Board (Barry Bashore, Inc.)*, 745 A.2d 72 (Pa.Cmwlth.2000). He must also establish that he has complied with the time limitation set forth in Section 315 of the Act. *Sharon Steel Corp. v. Workmen's Compensation Appeal Board (Myers)*, 670 A.2d 1194 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 544 Pa. 679, 678 A.2d 368 (1996).

■ Section 315 of the Act is a statute of repose, not a statute of limitations. *Bellefonte Area School District v. Workmen's Compensation Appeal Board (Morgan)*, 156 Pa.Cmwlth. 304, 627 A.2d 250 (1993), *aff'd*, 545 Pa. 70, 680 A.2d 823 (1994). As such, unlike a statute of limitations merely limiting the time period within which a party may pursue a certain remedy, Section 315 totally extinguishes the claimant's substantive rights created by the Act in derogation of the common law, as well as remedies, if the claim is not asserted within the time limit set forth therein. *Armco, Inc. v. Workmen's Compensation Appeal Board (Mattern)*, 542 Pa. 364, 667 A.2d 710 (1995); *Bellefonte*. Statutes of repose are jurisdictional and can be raised any time. *Myers*. "As a result, an employer does not need to plead the time limitation period as if it were an affirmative defense, but rather *it remains the claimant's burden to prove and demonstrate that the claim was indeed timely*." *Id.* at 1198. (Emphasis added.)

Under Claimant's interpretation of Section 315 of the Act, the three-year time limitation would begin to run when there has been a determination that a scar is unsightly and permanent, where permanence may be established either: (1) through a WCJ's view; or (2) at any time before a WCJ views the scar, if either a claimant or an employer can show that the claimant was advised of such permanence by a medical opinion. Under that interpretation, there would be no limitation at all for filing a claim for disfigurement benefits because the permanence of disfigurement would always be determined by the WCJ at a subsequent hearing; a claimant could file a claim petition for a disfiguring scar three years or even 20 years after the incident which caused the scar. Such an interpretation directly contravenes the statutory scheme of the Act which contemplates time periods for all actions of the parties and "does not allow a claimant to keep an employer in limbo forever," *Bellefonte*, 627 A.2d at 254, leading to an absurd result.

In this case, Claimant was splashed with hot metal on his neck on May 10, 1991,

---

**6.** That section provides:

> For serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such is not usually incident to the em-

ployment, sixty-six and two-thirds per centum of wages not to exceed two hundred seventy-five weeks.

Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(22).

which resulted in permanent scarring. He did not provide any evidence to establish when the scar became serious, unsightly and a permanent disfigurement compensable under Section 306(c)(22) before the WCJ. Because it was Claimant's burden to establish that the scar became permanent within three years of filing the claim petition and he did not, his claim is time-barred under Section 315 of the Act.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 9th day of October, 2002, the order of the Workers' Compensation Appeal Board, No. A98–3867, dated January 18, 2000, is affirmed.

DISSENTING OPINION BY Senior Judge DOYLE.

I respectfully dissent.

The critical issue in this appeal does not concern the discovery rule in Section 315 of the Workers Compensation Act (Act),[1] 77 P.S. § 602, or whether it should be applied to a specific loss injury under Section 306(c)(22) of the Act, 77 P.S. § 513(22), for a "serious and permanent disfigurement . . . of such a character as to produce an unsightly appearance. . . ." Clearly it is not applicable. *Roadway Express, Inc. v. Workers' Compensation Appeal Board (Siekierka)*, 708 A.2d 132, 135 n. 3 (Pa.Cmwlth.1998).

Similarly, the issue is not whether the statute of limitations in Section 315 of the Act is a statute of repose. Certainly it is. *Bellefonte Area School District v. Workmen's Compensation Appeal Board (Morgan)*, 156 Pa.Cmwlth. 304, 627 A.2d 250

(1993), *aff'd*, 545 Pa. 70, 680 A.2d 823 (1994).

The critical issue in this case is: **When does the statute of limitation in Section 315 of the Act begin to run?** The majority, by affirming the Board's decision, and reversing the Workers' Compensation Judge (WCJ), never adequately answers this critical question.

The Workers' Compensation Appeal Board (Board) held that "within three years of the scarring incident, Claimant **knew or should have known** that his scar was permanent." (Board Opinion at 4). That pronouncement is a totally subjective determination to be made *by the Claimant.* Neither the Board nor the majority ever determines *when* that happened in this case. How then can this Court hold that the claim was untimely filed? In the absence of such a finding, the Board, and the majority, backs into the conclusion that the statute began to run on May 10, 1992, when the hot metal exploded at work and splashed on the back of Claimant's neck. This is clear error in my view. To say, as the Board did, that the Claimant "should have known" that his scar was permanent at the time of the accident borders on the absurd because there is not one scintilla of evidence to factually support such a conclusion. One is forced to ask, when did the Claimant's scar become unsightly? I would conclude, at the very least, that it is totally unreasonable to charge the Claimant with the knowledge that he would have an unsightly scar on the very day of the accident when molten metal was splashed on his neck at the plant.

Specific loss injuries under Section 306(c) of the Act, 77 P.S. § 513, are unlike injuries for total or partial disability under Sections 306(a) and 306(b) of the Act, 77

---

1. Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1– 1041.4; 2501–2626.

P.S. §§ 511–512, because compensation for those injuries are predicated upon a claimant's *"disability"*, *i.e.*, a claimant's loss of earning capacity, *Kmart v. Workers' Compensation Appeal Board,* 771 A.2d 82 (Pa. Cmwlth.2001), *petition for allowance of appeal denied,* 567 Pa. 750, 788 A.2d 381 (2001). A claim under Section 306(c)(22) of the Act, on the other hand, as in this case, is not recognized as a compensable injury unless, **and until,** it becomes "permanent" and "unsightly." There is no requirement here that the claimant suffer a loss of earning capacity; only that his scar become "permanent" and "unsightly," and until that occurs, the statute of limitations under Section 315 is totally a non-issue. *See Roadway Express, Inc.,* 708 A.2d at 135 (In a specific loss claim the date of a claimant's *accident* is irrelevant. "The inquiry before us is when did the Claimant's *injury* occur").

The majority erroneously, in my view, states that the Claimant "did *not* provide any evidence to establish when the scar became serious, unsightly and a permanent disfigurement compensable under Section 306(c)(22) before the WCJ." (Opinion at 987). To the contrary, the majority even acknowledges forthrightly that the Claimant **did** present evidence that his scar was permanent as of June 11, 1998, the date of the WCJ's view. The unsightly scar itself was the best evidence of that. The majority acknowledges that the WCJ viewed Claimant's scar and that two photos of the scar were presented at the hearing. Although I think that the underlying critical question of when a scar becomes compensable, or, rather, when a scar becomes permanent and thus becomes an **injury** under Section 315 and, hence, becomes compensable, may be best answered

by a medical opinion as a matter of evidentiary proof, Claimant here did, nevertheless, establish a *prima facie* case of permanence as of June 11, 1998, when the WCJ viewed the scar, and Employer at that point was required to submit evidence to the contrary, which it did not.

While Section 315 provides that all claims for compensation shall be forever barred where, within three years after the **injury,** the parties have not agreed upon the compensation payable and neither party has filed a proper petition, cases of alleged disfigurement present a unique problem with respect to calculating the beginning of the three-year time limit. In these cases involving a disfiguring scar, it makes little sense for the three-year time limit to be held to run from the date of a claimant's *accident,* which is what the Board essentially held in this case, since it is beyond peradventure that *some* time must elapse **and is required for the state of permanence to be known.**[2] *See McCole v. Workers' Compensation Appeal Board (Barry Bashore, Inc.),* 745 A.2d 72 (Pa.Cmwlth.2000)(discussing that it is the viewing of the scar that the WCJ and Board may rely on to determine the scar's seriousness and permanency, which must take place after some lapse of time following the date of injury); *City of Philadelphia, Risk Management Division v. Workmen's Compensation Appeal Board (Harvey),* 690 A.2d 1293 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 549 Pa. 729, 702 A.2d 1061 (1997) (substantial evidence supported finding that claimant's scars were permanent where WCJ had viewed claimant's scars four months following injury, Board had viewed claimant's scars at least 19 months following injury, and claimant testified that his scars had

---

**2.** This is true even where relevant case law holds that medical evidence is required where there has not been sufficient time for the wound to heal and that, where a sufficient time period *has* passed, permanence may be determined by a WCJ's view.

not improved since some 30–60 days after injury); *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Deppenbrook)*, 82 Pa.Cmwlth. 596, 476 A.2d 989 (1984) (the referee's finding that claimant's disfigurement was permanent was supported by substantial evidence where he viewed the claimant's scar and distorted nose approximately twenty-one months after the accident. His opinion, based on his own view of the scar, could not be disturbed even where the plastic surgeons opinion was contrary); *East Coast Shows v. Workmen's Compensation Appeal Board (Bell)*, 37 Pa.Cmwlth. 312, 390 A.2d 323 (1978) (it was reasonable for the Board, which viewed claimant's scars about 14 months after the injury and determined the scars to be "noticeable" and "unsightly," to assume that the unsightliness of the scars would not significantly diminish in the future).

**The majority's current holding in this case, that a WCJ's view is not sufficient to determine the permanency of a claimant's scar, has the effect of overruling the above past precedents of this Court.**

Here, the employer even agreed with the WCJ and claimant's counsel that claimant's scar was *NOT* permanent when the accident occurred on May 10, 1991. This exchange took place at the WCJ's hearing on June 11, 1998:

*JUDGE EADER:*

Can we stipulate and agree that this scar was related to his work-related injury?

*ATTORNEY SMITH* [Employer's Counsel]:

Yes, Your Honor.

*JUDGE EADER:*

And can we agree that it's been long enough that it's permanent in nature?

*ATTORNEY SMITH:* [Employer's Counsel]

Yes, Your Honor.

*ATTORNEY FINE:* [Claimant's Counsel]

Yes, Your Honor.

(Certified Record, Hearing of June 11, 1998, at 7) (emphasis added).[3]

I thought that it had been well established under the past precedent of this Court that the three-year time limitation of Section 315 began to run only when there had been a determination that a scar was unsightly and permanent. That fact, *i.e.*, the fact of permanence,[4] could be established either: 1) through a WCJ's view; or 2) at any time before a WCJ views the scar, if either Claimant or Employer can show that Claimant was advised of such permanence by medical opinion. With regard to the latter proof, the most cogent analogy in workers' compensation law is to hearing and eyesight loss cases where these losses do not become compensable until claimants were informed by medical experts that they have lost their vision, or their hearing, for all practical intents and purposes. *See, e.g., Roadway Express; B.P. Oil Company v. Workmen's Compensation Appeal Board (Patrone)*, 167 Pa. Cmwlth. 661, 648 A.2d 1324 (1994), *petition for allowance of appeal denied*, 540 Pa.

---

**3.** Of course, the three-year period cannot **always** be held to run from the time that a WCJ views a scar and determines that it is permanent, because, by so holding, this Court would effectively decree that a claim for disfigurement benefits could be filed at any time, without any limitation. This is the view of the majority. (Opinion at 986). If such were the case, medical evidence as a matter of evidentiary proof would then **never** be necessary, which is clearly erroneous.

**4.** It is well settled that the question of whether disfigurement is permanent or temporary is purely one of fact. *Republic Steel*, 476 A.2d at 992.

622, 657 A.2d 492 (1995).[5] That is, once a claimant, through a medical doctor's opinion, knows or should know that his scar was permanent,[6] he is obligated to file a claim petition within three years after that fact is made known to him.

As previously stated, Claimant in this case established a *prima facie* case that his scar was permanent, and, thus, that he suffered a compensable injury as of June 11, 1998, the date of the WCJ's view. Employer failed to counter this evidence with any evidence that Claimant's scar became permanent before that date, and therefore did not establish that the three-year time limitation of Section 315 commenced before the WCJ's view. Accordingly, I would reverse the Board's decision.

Judge McGINLEY joins in this dissent.

---

**5.** Of course, the hearing loss provisions of the Act have since been amended by the Act of February 23, 1995, P.L. 1 (otherwise known as Act 1).

**6.** Obviously, such a determination does *not* implicate the "Discovery Rule" of Section 315, since that rule is inapplicable here. The discovery rule applies to an injury which has already occurred; a Section 306(c)(22) permanent disfigurement injury is *not* an injury unless and until it becomes permanent and unsightly.