**Brian KELLEY, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (STANDARD STEEL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 3, 2006.

Decided March 6, 2007.

Stephen A. Schneider, Harrisburg, for petitioner.

Christopher E. Fisher, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Brian Kelley (Claimant) petitions the Court for review of an order of the Work-

---

**2.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751– 914.

ers' Compensation Appeal Board (Board) that affirmed the order of the Workers' Compensation Judge (WCJ) dismissing Claimant's petition to review compensation (review petition) because it was untimely filed. Claimant questions whether his disfigurement claim should be barred by the three-year statute of limitations contained in Section 413(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 771–772,[1] when the description of his work injury was amended by the parties' Stipulation and when the claim was timely based on the date that Employer (Standard Steel) finally accepted responsibility for the injury giving rise to Claimant's disfigurement claim.

On June 18, 1991, Claimant sustained a work injury described as a "right elbow strain" in the notice of compensation payable (NCP) that Employer issued. In August 1997 the parties entered into a third Supplemental Agreement suspending compensation benefits as of June 16, 1997 because Claimant had progressed to a job where he consistently earned more than his average weekly wage. On March 19, 2004, Claimant filed his review petition pursuant to Section 306(c)(22) of the Act, 77 P.S. § 513(22),[2] alleging that he sustained a serious, permanent, noticeable and disfiguring scar as the direct result of his February 5, 1993 neck surgery related to the 1991 work injury. On June 22, 2004, Claimant filed a claim petition seeking to expand the description of his work injury to include a neck injury. Claimant filed two penalty petitions alleging that Employer failed to properly accept the disfigurement and neck injury claims.

On May 12, 2005, the WCJ adopted the parties' Stipulation submitted on May 5, 2005, which amended the NCP "to include a herniated nucleus pulposus at C6–C7

---

1. The *first paragraph* of Section 413(a) of the Act, 77 P.S. § 771, provides:

   A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

   The *second paragraph* of Section 413(a) of the Act, 77 P.S. § 772, provides in part:

   A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed: Provided, That, except in the case of eye injuries, no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition.

2. Section 306(c)(22) of the Act provides:

   For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:

   . . . .

   (22) For serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-six and two-thirds per centum of wages not to exceed two hundred seventy-five weeks.

relating to the injury of June 18, 1991." WCJ's May 12, 2005 Decision and Order; R.R. 94a–98a. The parties agreed in the Stipulation that Claimant's disfigurement in the nature of a scar was the result of his February 1993 cervical surgery and that the scar became permanent as of August 5, 1993 and has remained unchanged since that time. The WCJ determined that the claim petition and the two penalty petitions were resolved by the Stipulation and that the parties had agreed that the WCJ would decide the remaining review petition. On July 6, 2005, the WCJ denied Claimant's review petition because it was not filed within three years from the date upon which the scar became permanent, as of August 5, 1993. The WCJ made the following findings of fact:

1. On February 5, 1993, Claimant underwent a right C6–C7 laminectomy and foraminotomy with external neurolsis and decompression of the right C7 nerve root. (Refer to Jt–01/Stipulation of Facts)

2. The medical expenses associated with this surgery of February 5, 1993 as well as the wage loss for the company [sic] disability were accepted and paid by the Employer as associated with the June 18, 1991 work injury. (C–01)

3. In prior litigation, the Parties agreed that it would be appropriate to amend the Notice of Compensation Payable to include a herniated nucleus pulposus at C6–C7.

4. Claimant's scar from the February 5, 1993 surgery for the herniated nucleus pulposus at C6–C7 became permanent on August 5, 1993 pursuant to Claimant's own admission in the Stipulation presented in the prior claim and penalty litigation.

5. Claimant's scarring remained unchanged since August 5, 1993. (Refer to Jt–01/Stipulation of Facts)

6. Based on the testimony of the Claimant relative to permanency, the Claimant had three years from the date of August 5, 1993 to file a Claim Petition for disfigurement/scarring. The Claimant's Instant Claim Petition was filed March 19, 2004. The Claimant was under the belief that the neck injury was part and parcel of the work injury of June 18, 1991 based on his filings of the Claim Petition and Penalty Petitions and his own statements that there was permanency in August of 1993. Claimant cannot go back now and attempt to negate permanency when in fact it was admitted in the Stipulation of Facts in the prior litigation.

7. The scarring was described on the record in the hearing of August 11, 2004 before this Judge to be approximately four inches in length, ranging in width from one-eighth of an inch to one-fourth of an inch with the thinnest part of the scar above the collar line except if the Claimant were to wear a T-shirt. This Judge described the scar as obvious and took judicial notice that the scar was permanent. This finding is placed in the Decision only for Appellate review.

The WCJ rejected the argument that her view of the scar at the August 11, 2004 hearing established the date of its permanency for statute of limitations purposes.

The WCJ followed *Beisswanger v. Workmen's Compensation Appeal Board (NGK Metals Corp.)*, 808 A.2d 984 (Pa. Cmwlth.2002), where the Court held that the claim petition there was time barred under Section 315 of the Act, 77 P.S. § 602, because the claimant did not establish that his scar became permanent within three years of the scarring incident.[3] The

**3.** Section 315 of the Act provides in relevant part:

WCJ agreed with Employer that simply amending the NCP to incorporate an understanding that the parties had since 1993 did not have the effect of extending the three-year statute of limitations, which applied in the instant proceedings. The WCJ accepted Claimant's testimony as competent, credible and convincing, and she believed that he was aware of the fact that his 1993 neck surgery was due to his 1991 work injury. Claimant signed the Supplemental Agreement confirming, *inter alia,* the periods of disability for his neck injury and executed the Stipulation providing that his scar became permanent as of August 5, 1993.

Claimant appealed to the Board, which affirmed the WCJ's decision.[4] The Board noted that Section 413(a) of the Act provides that a WCJ may, at any time, review and modify or set aside an NCP if it was incorrect in any material respect and that an NCP is materially incorrect if the accepted injury or injuries do not reflect all of the injuries sustained in the initial work incident. *Jeanes Hosp. v. Workers' Compensation Appeal Board (Hass),* 582 Pa. 405, 872 A.2d 159 (2005). The Board observed that the injuries resulting from the original injury represent an increase in disability and are covered by the second paragraph of Section 413(a), and the WCJ may modify an NCP provided that a review petition is filed within three years from the date of the most recent payment of compensation made prior to filing a

petition. It noted that the term "compensation" does not include medical expenses for purposes of tolling the statute. *O'Brien v. Workers' Compensation Appeal Board (Montefiore Hosp.),* 690 A.2d 1262 (Pa.Cmwlth.1997).

The Board reasoned that Claimant's disfigurement did not occur at the time of his original work injury; instead, it resulted from the 1993 surgery that was performed approximately two years later. Therefore, the three-year statute of limitations provision in Section 413(a) of the Act applied, and because Claimant filed his review petition on March 19, 2004 it was time barred. Claimant's benefits were suspended effective June 16, 1997, and he offered no evidence to prove that he received benefits beyond that date. The Board decided that the amendment to the description of the work injury falls under the first paragraph of Section 413(a), with no statute of limitations, while Claimant's disfigurement claim falls under the second paragraph, with a three-year statute of limitations. It rejected Claimant's argument that Employer's acceptance of his neck injury had the effect of tolling the statute and that its reference in the 1996 Supplemental Agreement to Claimant's ongoing cervical problems lulled him into sleeping on his rights.

Claimant initially cites to *Penn Beverage Distributing Co. v. Workers' Compensation Appeal Board (Rebich),* 901 A.2d 1097 (Pa.Cmwlth.2006), where the Court stated

---

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

4. The Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed,

whether a Board practice or procedure was not followed or whether the findings of fact are supported by substantial evidence in the record. *Marks v. Workers' Compensation Appeal Board (Dana Corp.),* 898 A.2d 689 (Pa. Cmwlth.2006). All questions of credibility and evidentiary weight are within the exclusive province of the WCJ, who may accept or reject the testimony of any witnesses in whole or in part. *Select Security, Inc. v. Workers' Compensation Appeal Board (Kobrin),* 901 A.2d 1129 (Pa.Cmwlth.2006).

that Section 413(a) of the Act governs when a claimant seeks to "add" an injury that arose as a direct result of the injuries underlying the original NCP. He agrees that the Board applied the correct section of the Act but instead claims that the Board failed to recognize the significance of the parties' Stipulation. Relying on *Smith v. Pennsylvania R.R.*, 304 Pa. 294, 156 A. 89 (1931), he argues that the Stipulation amounted to Employer's implied waiver of the three-year statute of limitations in Section 413(a), and, alternatively, that under *Westinghouse Electric Corp./ CBS v. Workers' Compensation Appeal Board (Korach)*, 584 Pa. 411, 883 A.2d 579 (2005), he had another three years to file his petition because Employer's liability was not established until it signed the Stipulation. Claimant readily accepts the counter-argument that, by raising the statute of limitations defense in its answer, Employer would have prevailed had it litigated the case, but he nonetheless contends that having waived the defense by signing the Stipulation Employer may not now argue that the review petition is time barred. Employer emphasizes that it raised the defense throughout the proceedings and that the Stipulation expressly left open the review petition to be decided by the WCJ.

A review of case law establishes that Claimant's arguments lack merit. In *Smith v. Pennsylvania R.R.* the parties entered into a stipulation to correct the record by substituting Ward Smith (plaintiff) as "Administrator of the estate" with Ward Smith (plaintiff) as "Administrator ad prosequendum" in an underlying negligence action to recover for injuries sustained by the decedent, a Philadelphia resident, in an accident on a train track in New Jersey. Such lawsuits could be filed in New Jersey only by an administrator ad prosequendum. The trial court refused to allow the plaintiff to amend his statement of claim to aver the New Jersey statute and at trial granted a compulsory nonsuit for lack of the plaintiff's proper legal status. The Pennsylvania Supreme Court indicated that when the stipulation was filed, the one-year statute of limitations had expired on the right to file suit for death in Pennsylvania. In reversing the trial court, the Supreme Court agreed that the stipulation amounted to an implied waiver by the defendant of the fact that the statute had run, and it held that the amendment should have been allowed, which placed the plaintiff properly upon the record as of the date the lawsuit was filed. Thus the lawsuit was not time barred because the stipulation simply changed the right in which the plaintiff sued, affording him standing to prosecute the action. The situation in *Smith v. Pennsylvania R.R.* obviously does not apply here.

In *Beisswanger* the claimant argued that a finding of permanency of his disfigurement could not be made, absent medical evidence, until the WCJ had viewed the claimant's scar and that the three-year statute of limitations did not run until that date. In rejecting this argument, the Court reiterated the following:

> To establish entitlement to disfigurement benefits under Section 306(c)(22) of the Act, a claimant is required to prove that the alleged disfigurement is (1) serious and permanent; (2) of such character as to produce an unsightly appearance, and (3) not usually incident to the claimant's employment. He must also establish that he has complied with the time limitation set forth in Section 315 of the Act.

*Beisswanger*, 808 A.2d at 986. Yet the Court stated in *Guthrie v. Workers' Compensation Appeal Board (Keystone Coal Co.)*, 767 A.2d 634, 636 (Pa.Cmwlth.2001) (emphasis added) (quoting *Smith v. Workmen's Compensation Appeal Board (Con-*

*cept Planners & Designers*), 543 Pa. 295, 300, 670 A.2d 1146, 1148–1149 (1996)), that Sections 315 and 413 of the Act function differently:

> **Section 315 functions where no prior legal action has commenced;** however, section 413(a) functions as a means to halt further legal action following prior legal action and the award of a remedy. Since section 413(a) operates to cut off future remedies in a case with a history rather than to halt initiation of a new case with no history, it operates in a way that, practically speaking, extinguishes a remedy rather than a right.

The claimant's case in *Beisswanger* had no prior history; conversely, the claimant's case in *Guthrie* included a history of prior legal action and an award. Therefore, case law supports the conclusion that the statute of limitations contained in Section 413(a) applies here because Claimant's case has a "history." Although the WCJ applied the three-year statute of limitations in Section 315, which governs claim petitions, *see Westinghouse*, the Board properly analyzed Claimant's disfigurement claim under Section 413(a), which governs review petitions.

Claimant agreed in the Stipulation that his scar became permanent as of August 5, 1993 and that it has remained unchanged since that time. The attempt here is to add Claimant's scar arising as a direct result of a work injury for which Employer's liability has been established. Under the rationale in *Guthrie*, later discussed in *Penn Beverage*, Claimant's claim under Section 306(c)(22) of the Act must be decided pursuant to Section 413(a), which provides for a three-year period within which to file a review petition. Claimant's review petition was not filed until March 19, 2004, over ten years after the scar became permanent and almost seven years after the last payment of compensation made June 16, 1997.[5]

Finally, the decision in *Smith v. Pennsylvania R.R.* does not support Claimant's argument that Employer's execution of the Stipulation effected a waiver of its statute of limitations defense. The Supreme Court permitted the stipulated amendment in that case as a means to correct the record to allow the plaintiff standing to pursue the negligence lawsuit, and because the defendant had executed the stipulation after the one-year statute had expired the Supreme Court imposed an implied waiver of that defense against the defendant. The parties here executed a Stipulation to amend the NCP's description of the work injury and to establish the date upon which the scar became permanent. Contrary to Claimant's view, at no time did Employer indicate an intention to waive its statute of limitations defense to Claimant's

---

**5.** Claimant's argument that he had another three years under *Westinghouse* to file his review petition is unavailing. In *Westinghouse* the Supreme Court reversed this Court's order affirming the decision of the Board to grant the claimant's 1998 claim petition based on the premise that the employer had lulled the claimant into a false sense of security by paying his psychiatric bills after entering into a commutation of benefits in 1990. This Court rejected the employer's statute of limitations defense to the claim petition, agreeing instead that the employer had lulled the claimant into a false sense of security and applying contract and equitable estoppel principles to resolve the matter. The Supreme Court observed that a claim petition must be filed under Section 315 when an employer has not accepted an initial work injury, forming the basis for all injury claims arising therefrom, and that a claimant must file a timely petition under Section 413(a) when he or she sustains additional injuries resulting from the original work injury. It held that the claimant's attempt to add the psychiatric injury to the NCP was time barred and that the employer's medical payments did not toll the statute in Section 413(a).

review petition. In conclusion, the Court must affirm the order of the Board because Claimant's review petition was filed beyond the three-year statute of limitations contained in Section 413(a) of the Act.

### ORDER

AND NOW, this 6th, day of March, 2007, the Court affirms the order of the Workers' Compensation Appeal Board.