# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Irvin C. Perkins, : 
                    Petitioner :
                              :
        v.                    : No. 1949 C.D. 2016
                              : Submitted: June 16, 2017
Workers' Compensation Appeal  :
Board (Ellwood Quality Steels :
Company),                     :
                    Respondent :

BEFORE:  HONORABLE ROBERT SIMPSON, Judge
         HONORABLE MICHAEL H. WOJCIK, Judge
         HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: September 21, 2017**

Irvin C. Perkins (Claimant), representing himself, petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of a Workers' Compensation Judge (WCJ), which denied his claim petition as time-barred under Section 315 of the Workers' Compensation Act (Act).[1]  Agreeing with the workers' compensation authorities that Claimant's claim petition, which was filed more than five years after the expiration of the statute of limitations period, is time-barred, we affirm.

Claimant worked for Ellwood Quality Steels Company (Employer) as a scrap inspector.  On March 25, 2015, Claimant filed a claim petition, alleging that in November 2006, he sustained trauma to the head, shoulder, neck and back

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §602.

after he was struck by a moving truck while working for Employer. He sought ongoing total indemnity benefits beginning in January 2010. Employer filed an answer in which it denied the allegations. Employer further asserted that dismissal of the claim petition was required because it was not filed within the Act's statute of limitations period. Hearings ensued before the WCJ.

At the first hearing, Employer reiterated its motion to dismiss the claim petition as time-barred. Employer requested bifurcation on the statute of limitations issue, asserting Claimant filed his claim petition more than three years after the date of injury in violation of Section 315 of the Act. The parties then engaged in an off the record discussion (that was confirmed on the record), which indicated Claimant would represent himself in litigating the claim petition. The WCJ recommended that Claimant consult a lawyer. Claimant indicated he spoke to an attorney who would not represent him, and he wished to proceed on his own behalf.

At the conclusion of the first hearing, the WCJ indicated his inclination to grant Employer's request for bifurcation to address the statute of limitations issue. Thereafter, the WCJ informed the parties that he would grant Employer's motion and the case would be bifurcated so that the statute of limitations issue could be addressed in a preliminary determination.

Claimant testified at the first WCJ hearing and at a subsequent WCJ hearing. Claimant confirmed that after the November 2006 injury, he retained counsel to represent him. Claimant testified he secured representation with three

2

different attorneys to represent him regarding his claim. Claimant confirmed that in each instance he and his counsel decided to "part ways." WCJ Op., 8/12/15, Procedural History at ¶7.

The WCJ stated that Section 315 of the Act requires that a claimant file a claim petition within three years after the date of injury. Based on his review of the record here, the WCJ denied the claim petition. The WCJ stated that, in order to comply with Section 315, Claimant was required to file his claim petition no later than November 21, 2009. Because Claimant did not do so, the WCJ determined that denial of Claimant's claim petition was proper. Claimant appealed to the Board.

On appeal, the Board affirmed, explaining:

Claimant testified that he was employed by [Employer] as a [scrap] inspector when he sustained a work injury on November 22, 2006. [WCJ's Hr'g, Notes of Testimony (N.T.), 5/6/15, at 9.] He sustained the injury when he was struck by a moving truck, although continued working for [Employer] afterwards. [N.T. at 10-11]. He last worked for [Employer] on January 19, 2010, and hasn't worked anywhere else since. [N.T. at 12].

After careful review of the record, we conclude the Judge did not err in denying Claimant's Claim Petition. Claimant bore the initial burden of proving that his Claim Petition was timely filed. Bond [v. Workers' Comp. Appeal Bd. (Belmont Ctr.), 711 A.2d 554 (Pa. Cmwlth. 1998)]. Pursuant to Section 315 of the Act, 77 P.S. §602, Claimant had three years from the original date of injury in which to file his Claim Petition. Claimant's alleged injury date, as reiterated in his testimony before the Judge, was November 22, 2006. Thus, pursuant to

3

Section 315, he had until November 21, 2009 to file his Claim Petition to prevent it from being barred. However, Claimant's Claim Petition was not filed until March 25, 2015, well over five years after the statute of limitations had already expired. Claimant also does not offer any argument or evidence as to why the statute of limitations should have been tolled in this case. Thus, Claimant's Claim Petition was clearly filed well beyond the three year statute of limitation specified in Section 315 of the Act, and consequently, the Judge did not err in denying his Claim Petition.

Bd. Op., 10/19/16, at 2-3. This appeal followed.

On appeal,[2] Claimant argues he should be permitted to pursue his claim petition against Employer. He contends he never received Employer's Report of Occupational Injury or Disease, and Employer did not submit that document to the Bureau of Workers' Compensation (Bureau). Claimant asserts the Bureau's records retention department had no listing of the work accident as of March 13, 2015, when Claimant requested the information. By failing to report the accident, Claimant maintains, Employer committed insurance fraud.

Section 315 of the Act provides, in relevant part:

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof. …

---

[2] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap), 81 A.3d 830 (Pa. 2013).

> Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of three years from the time of the making of the most recent payment prior to date of filing such petition ….

77 P.S. §602.

Section 315 of the Act is a statute of repose, not a statute of limitations. Beisswanger v. Workers' Comp. Appeal Bd. (NGK Metals Corp.), 808 A.2d 984 (Pa. Cmwlth. 2002). "As such, unlike a statute of limitations merely limiting the time period within which a party may pursue a certain remedy, Section 315 totally extinguishes the claimant's substantive rights created by the Act in derogation of the common law, as well as remedies, if the claim is not asserted within the time limit set forth therein." Id. at 986 (citations omitted). Statutes of repose are jurisdictional and can be raised any time. Id.

To toll the application of Section 315, a claimant must prove one of two things. "He must prove, by a preponderance of evidence, that his claim fits within an exception to Section 315, or he must prove, by clear and convincing evidence, that the actions of the employer or its insurance carrier lulled him into a false sense of security regarding the filing of the claim[.]" Golley v. Workers' Comp. Appeal Bd. (AAA Mid-Atlantic, Inc.), 747 A.2d 1253, 1255 (Pa. Cmwlth. 2000) (citations omitted).

Here, it is undisputed that Claimant's alleged work injury occurred on November 22, 2006. Certified Record, Item #2 (claim petition); N.T. at 9. Further, it is undisputed that Claimant did not file his claim petition within three

5

years of the date of his alleged work injury. Certified Record, Item #2 (claim petition). Rather, Claimant filed his claim petition on March 25, 2015, more than five years after the expiration of the statute of limitations. Id. Further, as the Board recognized, Claimant offers no clear argument or evidence as to why the statute of limitations should be tolled here. Bd. Op. at 3. Therefore, no error is apparent in the decisions of the WCJ and the Board that Claimant's claim petition is barred by Section 315 of the Act.[3]

Accordingly, we affirm.

_____
ROBERT SIMPSON, Judge

---

[3] Claimant argues that in September 2009, Employer requested that he sign a waiver of his right to workers' compensation. He asserts he refused to sign the waiver and was suspended for three days until he signed it and was allowed to return to work. Claimant contends this occurred shortly before the expiration of the three-year limitations period. However, Claimant did not clearly raise this issue before the WCJ, and he did not raise it in his appeal to the Board. Therefore, it is waived. See Brewer v. Workers' Comp. Appeal Bd. (EZ Payroll & Staffing Solutions), 63 A.3d 843, 847 (Pa. Cmwlth. 2013) ("[F]ailure to raise an issue before the factfinder or the Board waives the issue on appellate review.").

Claimant also contends he filed a third-party suit against the trucking company who he claims was responsible for the work accident. He asserts that, after a hearing in his third-party suit, an arbitration panel awarded him a $6000 judgment in October 2014. At that point, Claimant maintains, he had the evidence he needed to submit to the Bureau. In addition to the fact that Claimant did not raise this point in his appeal to the Board, he offers no developed argument as to how this assertion would warrant tolling of the limitations period set forth in Section 315 of the Act, 77 P.S. §602.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Irvin C. Perkins,                    :
                    Petitioner       :
                                     :
        v.                           :        No. 1949 C.D. 2016
                                     :
Workers' Compensation Appeal         :
Board (Ellwood Quality Steels        :
Company),                            :
                    Respondent       :

# **O R D E R**

**AND NOW**, this 21st day of September, 2017, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.



_____
ROBERT SIMPSON, Judge