James **GUTHRIE**, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (KEYSTONE COAL COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 14, 2000.
Decided Jan. 19, 2001.

Fred C. Soilis, Pittsburgh, for petitioner.

Toni J. Minner, Pittsburgh, for respondent.

Before DOYLE, President Judge, LEADBETTER, Judge, LEDERER, Senior Judge.

DOYLE, President Judge.

James Guthrie (Claimant) petitions this Court for review of a Workers' Compensation Appeal Board (Board) order that affirmed the decision of a Workers' Compensation Judge (WCJ) dismissing Claimant's claim and review petitions because they were not timely.

The WCJ found as follows. Claimant suffered an injury on April 10, 1980 while working for Keystone Coal Company (Employer) when he fell against a conveyor, hit his face, and sustained a lip laceration and loosened teeth. Claimant resumed employment after receiving 5.3 weeks of benefits. On or about March 2, 1982, Employer filed a termination petition, asserting that Claimant had returned to his job on May 19, 1980 without a loss of earning power. A referee[1] then granted Employ-

---

1. Prior to the 1993 amendments to the Act, WCJs were known as referees.

er's termination petition effective May 19, 1980. Thereafter, in May of 1998, Claimant filed a claim petition asserting that he had a disfiguring scar due to his April 10, 1980 work injury. Claimant later amended his claim petition to include a review petition, and Employer moved to dismiss these combined petitions for untimeliness. (WCJ's Findings of Fact Nos. 1–5, Decision circulated October 8, 1998, p. 3.)

The WCJ concluded that Claimant's claim and review petitions were barred by the time limitations set forth in Section 315 of the Act,[2] 77 P.S. § 602, and by Section 413(a) of the Act, 77 P.S. §§ 771–772, and, consequently, he dismissed the petitions. The Board affirmed the WCJ's decision, and Claimant filed a petition for review with this Court. On appeal, Claimant now queries whether his claim for disfigurement benefits under Section 306(c)(22) of the Act, 77 P.S. § 513(22),[3] is time-barred because it was made eighteen years after termination of his workers' compensation benefits.[4]

We begin our analysis of this question with a review of Section 315 of the Act, which provides in pertinent part:

> In cases of personal injury all claims for compensation shall be forever barred, unless, **within three years after the injury,** the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of

**2.** Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

**3.** Section 306(c) provides in part:

> For all **disability** resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:
> . . .
> (22) For serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-six and two-thirds per centum of wages not to exceed two hundred seventy-five weeks.

the parties shall have filed a petition as provided in article four hereof.

77 P.S. § 602. (Emphasis added.)

In support of his position that his claim/review petitions were timely, Claimant first asserts that the three-year time limitation of Section 315 is not applicable here where Employer previously acknowledged by way of a notice of compensation payable (NCP) that Claimant had suffered a compensable work injury.[5] Claimant cites no case law directly on point, and we have found none. Nevertheless, although the following statements of our Supreme Court in *Smith v. Workmen's Compensation Appeal Board,* 543 Pa. 295, 670 A.2d 1146 (1996), were made with regard to the question of whether the statute of limitations under Section 413(a) is a waivable defense, we find these statements instructive as to the question now posed to us. The *Smith* Court explained:

> While sections 315 and 413(a) contain similar statutes of limitations, each functions in a different context. **Section 315 functions where no prior legal action has commenced;** however, section 413(a) functions as a means to halt further legal action following prior legal action and the award of a remedy. Since section 413(a) operates to cut off future remedies in a case with a history rather than to halt initiation of a new case with no history, it operates in a way that, practically speaking, extinguishes a remedy rather than a right.

77 P.S. § 513(22). (Emphasis added.)

**4.** Our standard of review is limited to a determination of whether there has been a violation of constitutional rights, whether an error of law has been committed, or whether all necessary findings of fact are supported by substantial evidence. *Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.),* 684 A.2d 673 (Pa.Cmwlth.1996).

**5.** Claimant does not dispute that, had there been no NCP issued in this case, or had he not otherwise previously received benefits for a work-related disability, his present claim for benefits due to a disfiguring scar would be barred under Section 315.

*Id.* at 300, 670 A.2d at 1148–1149. While *Smith* is not expressly on point, we believe that the above-quoted language strongly supports Claimant's assertion that Section 315 is inapplicable to this case. Clearly, because Claimant had previously received benefits, which were terminated pursuant to Employer's petition, this case has a "history" and, therefore, only Section 413(a) may now serve to time bar Claimant's instant petitions.

Section 413(a) provides:

A workers' compensation judge may, **at any time,** review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was **in any material respect incorrect.**

77 P.S. § 771. (Emphasis added.) Section 413(a) also provides in relevant part:

A workers' compensation judge designated by the department may, **at any time,** modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the **disability** of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension or termination shall be made as of the date upon which it is shown that the **disability** of the injured employe has increased, decreased, recurred or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed: Provided, That, except in the case of eye injuries, no notice of compensation payable, agreement or award shall be reviewed, or modified, or

reinstated, unless a petition is filed with the department **within three years** after the date of the most recent payment of compensation made prior to the filing of such petition.

77 P.S. § 772. (Emphasis added.)

 Claimant contends that Section 413(a), 77 P.S. § 771, does not bar his claim because, by its own terms, a WCJ may "at any time" modify a NCP that is "in any material respect incorrect." Claimant asserts in this regard that the May 2, 1980 NCP "is materially incorrect as it does not provide for disfigurement benefits despite acknowledging that Claimant suffered a laceration of his lip." (Petitioner's brief, p. 9.) Claimant's argument, of course, misapprehends the applicable law. It is well settled that, under Section 306(c)(22) of the Act, which relates to "serious and permanent disfigurement of the head, neck or face," benefits for a disfiguring scar cannot be awarded unless a claimant has proven that his disfigurement "(1) is serious and permanent, (2) results in an unsightly appearance and (3) is not usually incident to his or her employment." *McCole v. Workers' Compensation Appeal Board (Barry Bashore, Inc.),* 745 A.2d 72, 76 (Pa.Cmwlth.2000). Because, in the matter *sub judice,* there is no indication that Claimant ever previously made such a showing, or even attempted to do so, the WCJ could not have properly modified the NCP as being materially incorrect.

Next, we consider whether the time limitations set forth in Section 413(a) of the Act, 77 P.S. § 772, may bar his combined claim and review petitions. Once again, Claimant contends that these limitations are inapplicable here, because "[t]he time limitations provided in the second paragraph of § 413(a) apply to the **disability** statutes of the injured worker" and "[t]his Court [has] held that disability is synonymous with loss of earning power," citing *Eljer Industries v. Workers' Compensation Appeal Board (Evans),* 707 A.2d 564, 566 (Pa.Cmwlth.1998). (Petitioner's brief, p. 9.) (Emphasis in original.)

◼

◼ While, at first blush, Claimant's argument may appear to have some merit, upon further review, it emerges as wholly unavailing. Succinctly stated, Section 306(c)(22) of the Act speaks in terms of compensation for **"disability** resulting from permanent injuries of the following classes," including serious, permanent disfigurement of the neck, head or face. 77 P.S. § 513(22). (Emphasis added.) Consequently, the fact that Section 413(a) of the Act, 77 P.S. § 772, speaks in terms of modification of benefits based on "disability" rather than "injury" does not, in this type of circumstance, preclude this section from time barring Claimant's claim for a disfiguring scar. While ordinarily the term "disability" in compensation law means loss of earning power, *Wheeling–Pittsburgh Steel Corp. v. Workmen's Compensation Appeal Board (Smith)*, 70 Pa. Cmwlth. 100, 452 A.2d 611 (1982), for compensation for the specific losses enumerated under Section 306(c), the term, "disability," cannot be judged by the same standard. The term "disability" under Section 306(c) means, quite simply, the specific loss of the member, or eyesight, or hearing, or, as in this case, a permanent disfiguring scar. That having been said, the WCJ could not review, modify or reinstate the applicable NCP because, undoubtedly, Claimant did not file his claim and review petitions "within three years after the date of the most recent payment of compensation[,]" as required by Section 413(a), 77 P.S. § 772. Nor was there any evidence presented, or facts asserted, regarding when the scar became permanent and disfiguring. We, therefore, agree with the Board that Claimant's combined petitions are barred by the three-year time limitation set forth in this section.

We further note that Claimant's reliance on *City of Philadelphia v. Workmen's Compensation Appeal Board (Barclay)*, 144 Pa.Cmwlth. 247, 601 A.2d 449 (1991), which awarded specific loss benefits twenty-two years after the injury, does not aid his case. While it is true that, there, Walter Barclay, the injured employee, sought specific loss benefits more than twenty-one years after his injury, the issue of the statute of limitations was not raised in that case. Therefore, our decision in that matter is not precedential, and, for all of the above reasons, the order of the Board is hereby affirmed.

### ORDER

**NOW,** January 19, 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.