**PENN BEVERAGE DISTRIBUTING COMPANY and Cincinnati Insurance Company, Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (REBICH), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 2005.
Decided June 27, 2006.

Leta V. Pittman, Pittsburgh, for petitioners.

Daniel K. Bricmont, Pittsburgh, for respondent.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN JUBELIRER, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge COHN JUBELIRER.

Penn Beverage Distributing Company (Employer) and its insurance carrier, Cincinnati Insurance Company, petition for review of an order of the Workers' Compensation Appeal Board (Board), dated July 12, 2004, which affirmed a prior order of the Board, dated January 24, 2003, the effect of which was to reverse, in part, and affirm, in part, an order of the Workers' Compensation Judge (WCJ), circulated December 19, 2001. We now affirm.

Eli Rebich (Claimant) sustained injuries as a result of a motor vehicle accident that occurred on August 19, 1985, during the course and scope of his employment with Employer. Thereafter, Employer issued a Notice of Compensation Payable (NCP) pursuant to the Workers' Compensation Act (Act).[1] Since then, Claimant has been receiving total disability benefits. As a result of his injuries, Claimant underwent brain surgery on October 28, 1985, underwent cervical surgery on January 26, 1993, and these surgeries left Claimant with scarring on his head and neck. (WCJ Decision 12/19/01, Review of the Test. ¶ 2(a).) After his injury, Claimant also suffered from seizures that have caused damage to his teeth, although he has undergone dental reconstruction work and there remains no visible damage. (WCJ Decision 12/19/01, Review of the Test. ¶ 2(c).)

On December 6, 1999, Claimant filed a claim petition for facial disfigurement pursuant to Section 306(c)(22) of the Act,[2]

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626.

2. Section 306(c)(22) of the Act provides:

For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:

...

relating to his head and neck scars and damage to his teeth. Claimant alleged that his surgical scars derived from the injuries sustained because of his work-related motor vehicle accident. Employer denied the claim petition, asserting that Claimant did not suffer any disfigurement of an unsightly nature as a result of his established work injury and that the claim petition was barred by the statute of limitations.[3]

The WCJ conducted hearings regarding the claim petition and observed the affected areas. By opinion and order circulated December 19, 2001, the WCJ denied and dismissed the claim petition. The WCJ found that Claimant sustained serious and permanent disfigurement on his skull and neck, but not to his teeth.[4] The disfigurement was unsightly and not usually incident to Claimant's employment. However, the WCJ concluded that the claim petition was time-barred. The WCJ wrote:

> Section 315 of the Act states that claims for compensation are barred unless they are filed within three years of the injury. For a claim for disfigurement, the time would run three years after the disfigurement has become permanent. Under Section 306(c) compensation benefits for permanent injures are a separate class of benefits from the total disability benefits which the claimant is currently receiving. His continued receipt of total disability benefits does not toll the requirement of Section 315 that a claim for disfigurement be filed within three years of the scar becoming permanent.

(WCJ Decision 12/19/2001, Conclusion of Law ¶ 2.)

The WCJ stated that, had the claim petition not been time-barred, she would have awarded forty weeks for the indentation in Claimant's skull and an additional ten weeks for his cervical scar. Claimant appealed the order to the Board.

By opinion and order dated January 24, 2003, the Board reversed in part, affirmed in part, and modified the decision of the WCJ. Specifically, the Board reversed the WCJ's determination that the claim petition was time-barred under Section 315 of the Act, 77 P.S. § 602. The Board concluded that the statute of limitations contained in Section 413(a) of the Act, 77 P.S. §§ 771–772, applied, and had not started to run when Claimant filed his claim petition. The Board affirmed the WCJ's determination that, notwithstanding the issue of timeliness, Claimant met his burden of establishing entitlement to a disfigurement award totaling fifty weeks. For that reason, Claimant was awarded fifty weeks of disfigurement benefits.

Claimant again filed a petition for reargument/reconsideration with the Board, asserting that the Board's order, which indicated that it was "reversing the decision of the WCJ and affirming the decision as modified," was improper because it denied the parties the right to challenge the WCJ's findings as to each of the alleged

---

(22) For serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-six and two-thirds per centum of wages not to exceed two hundred seventy-five weeks.
77 P.S. § 513(22).

**3.** The record before this Court does not contain a copy of Employer's answer; however, the general substance of Employer's answer is recited in the WCJ's opinion and order, circulated December 19, 2001, and it is discussed herein for purposes of procedural background only.

**4.** The WCJ described her personal observations of the scars and damage to Claimant's teeth.

disfigurements. (Claimant's Pet. for Reargument/Reconsideration (February 13, 2003).) The Board granted rehearing on March 11, 2003.[5] The Board then viewed Claimant's scars on January 21, 2004, and reviewed the WCJ's award of fifty weeks of benefits. By opinion and order dated July 12, 2004, the Board addressed Claimant's petition for rehearing and denied the relief sought. The Board affirmed its order dated January 24, 2003, awarding benefits in the amount of fifty weeks to Claimant. Employer then filed a petition for review with this Court.

 On appeal,[6] Employer argues that the claim petition for disfigurement was time-barred by Section 315 and/or Section 413(a) of the Act.[7]

We begin by noting the "critical distinction" between the statute of repose present in Section 315, which acts to bar the filing of a new claim, and the statute of limitations found in Section 413(a), which acts to bar amendments/additions to previously filed claims. *Westinghouse Elec. Corp./CBS v. Workers' Comp. Appeal Bd. (Korach)*, 584 Pa. 411, 429, 883 A.2d 579, 591 (2005). Section 315 provides, in relevant part:

> In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

77 P.S. § 602. Section 413(a) of the Act provides, in pertinent part:

> A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable ..., if it be proved that such notice of compensation payable or agreement was *in any material respect incorrect.*

> A workers' compensation judge designated by the department may, at any

---

5. It appears that a petition for review was filed with this Court after the Board entered its order dated January 24, 2003. The petition was docketed at 413 C.D.2003. However, because the Board granted rehearing, the Board retained jurisdiction of the matter and, by order dated March 18, 2003, this Court remanded the petition for review to the Board for further proceedings.

6. Our standard of review is limited to determining whether there has been a violation of constitutional rights, an error of law or whether necessary findings of fact are supported by substantial evidence. *Moore v. Workmen's Comp. Appeal Bd. (Reading Paperboard Corp.)*, 539 Pa. 333, 652 A.2d 802 (1995).

7. Employer argues, in the alternative, in its petition for review that the award of disfigurement is excessive, and the award should be reduced. However, Employer appears to have abandoned this argument, as it is not set forth in Employer's brief in the statement of questions involved and is not addressed in its argument. For those reasons, Employer has waived that issue. *See* Pa. R.A.P. 2116(a); *Coraluzzi v. Commonwealth*, 105 Pa.Cmwlth. 305, 524 A.2d 540 (1987). Regardless, we note that the amount of an award in a disfigurement case is a mixed question of fact and law. *Hastings Indus. v. Workmen's Comp. Appeal Bd. (Hyatt)*, 531 Pa. 186, 611 A.2d 1187 (1992). The factual element involves determining whether the evidence supports the WCJ's description of the seriousness of the claimant's disfiguring injury; the legal element involves determining whether the WCJ's award of compensation benefits to the claimant is within the range that most WCJs would award. *See id.; see also City of Philadelphia v. Workers' Comp. Appeal Bd. (Doherty)*, 716 A.2d 704 (Pa.Cmwlth.1998). In the case at hand, the Board viewed the scars and concluded that an award of fifty weeks by the WCJ was within the range of compensation that most WCJs would award. Because the WCJ's award in this case is within the range most WCJs would award, the Board properly affirmed the WCJ's award.

time, modify, reinstate, suspend, or terminate a notice of compensation payable ..., upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased.... Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased ...: Provided, That, except in the case of eye injuries, *no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition.*

77 P.S. §§ 771–772 (emphasis added). The interplay of these two statutory provisions has been addressed by both our Supreme Court in *Westinghouse,* and this Court in *Guthrie v. Workers' Compensation Appeal Board (Keystone Coal Co.),* 767 A.2d 634 (Pa.Cmwlth.2001).

We find the analysis from *Westinghouse* particularly instructive to the facts of this case. In *Westinghouse,* the claimant sought to add a psychiatric injury to a previously accepted work injury, which was described in an NCP filed approximately ten years earlier as a "back injury." Our Supreme Court reversed this Court and reasoned that the statute of limitations found in Section 413(a) barred the claimant from adding, over ten years after the initial NCP and three years after the last payment of compensation, a psychiatric injury to a preexisting work-related back injury. *Id.* at 425, 883 A.2d at 588. The Court determined that the statute of repose found in Section 315 only applies where an employer's liability has not yet

ripened (i.e., cannot yet be established through a legally cognizable claim), as opposed to the statute of limitations found in Section 413(a), where an employer's liability has been established and the statute of limitations only extinguishes the right to a remedy. *Id.* at 429, 883 A.2d at 591. In that case, the Court reasoned that the "filing of a Claim Petition pursuant to Section 315 was unnecessary and erroneous, particularly as Claimant was alleging that his psychiatric condition *arose as a direct result* of his work-related back injury." *Id.* at 428, 883 A.2d at 590 (emphasis added) (citing *Jeanes Hosp. v. Workers' Comp. Appeal Bd. (Hass),* 582 Pa. 405, 872 A.2d 159 (2005) (*Jeanes Hosp. II* )). Thus, while ultimately finding the petition to be time-barred, the Court did not view the psychiatric injury as a separate injury, but as part of the underlying and established work-related back injury, and reviewed pursuant to Section 413(a) of the Act.

In light of *Westinghouse,* we must determine if Claimant's claim petition for facial disfigurement, pursuant to Section 306(c)(22) of the Act, is a new claim (where employer's liability has not yet ripened), which would be subject to Section 315 of the Act, or arose from a preexisting work-injury (where Employer's liability has already been established), which would be analyzed under Section 413(a) of the Act. Here, as in *Westinghouse,* we are presented with a claimant who is attempting to add a subsequent injury (the surgical scars) that the WCJ concluded arose as a result of his established work-related injury. Therefore, *Westinghouse* directs this Court to conduct its analysis pursuant to the statute of limitations provision of Section 413(a) of the Act.

■ We, moreover, believe that this Court's decision in *Guthrie* is analogous

and compels us to analyze Claimant's claim petition under Section 413(a) of the Act.[8]

In *Guthrie*, this Court applied the statute of limitations found in Section 413(a) of the Act in reviewing petitions to add a **permanent scar** to a previously filed NCP for a lip laceration and loosened teeth. There, the claimant sustained work-related injuries on April 10, 1980. After the claimant returned to work, his employer filed a termination petition, which was granted as of May 19, 1980. Then, in May 1998, the claimant filed another claim petition, which was amended to include a review petition, alleging that he had a disfiguring scar resulting from his 1980 work injury. The employer, thereafter, challenged the timeliness of the petitions. In its adjudication, the WCJ determined that the claimant's petitions were barred by the time limitations of Sections 315 and 413(a) of the Act and the Board affirmed. This Court, while ultimately affirming the Board, conducted its analysis pursuant to Section 413(a) of the Act, and not Section 315 of the Act. We reasoned that, because the claimant had previously received benefits for a lip laceration and loosened teeth, which were terminated 5.3 weeks later pursuant to the employer's petition, the case had a "history" and, therefore, conducted our analysis pursuant to Section 413(a) of the Act. This Court went on to hold that "the WCJ could not review, modify or reinstate the applicable NCP because, undoubtedly, Claimant did not file his claim and review petitions 'within three

years after the date of the most recent payment of compensation[,]' as required by Section 413(a)...." *Id.* at 638. Nevertheless, our reasoning in *Guthrie* instructs that petitions for disfigurement benefits, in cases with a "history," should be analyzed pursuant to Section 413(a) of the Act.

Here, the record reveals that at the time Claimant filed his claim petition, he was still receiving workers' compensation benefits for the injury underlying his original NCP, so this case has a "history" as described in *Guthrie* and, thus, Section 413(a) is applicable. Moreover, the facts here are analogous to *Westinghouse*, because, as in *Westinghouse*, Claimant is attempting to add an injury (the scars) that **arose as a direct result** of the injury contained in the underlying NCP, for which Employer had assumed liability. However, unlike the claimant in *Westinghouse*, Claimant's claim petition was filed within three years of the date of his last receipt of benefits, so his claim petition was timely under Section 413(a) of the Act.

As Claimant's scars arose as a direct result of the injuries underlying his original NCP, the statute of limitations found in Section 413(a) of the Act applies and, since his claim petition was filed while still receiving benefits for that underlying injury, his claim petition was timely. Therefore, the Board correctly determined that the filing of Claimant's claim petition for disfigurement benefits was timely. Accordingly, we affirm the order of the Board.[9]

8. Although not argued before this Court, we recognize that Claimant, when seeking to amend his underlying NCP, erred by filing a claim petition instead of a petition to amend. Nevertheless, that error is not fatal to his claim. *Jeanes Hosp. II*. We find our Supreme Court's recent pronouncement in *Westinghouse* to be particularly instructive. There, despite the fact that the claimant incorrectly filed a claim petition when he was seeking to amend a previous NCP, our Supreme Court analyzed the claim under Section 413(a), based on the precept that the form of the petition does not control when a claimant is entitled to relief. *Westinghouse*, 584 Pa. at 428–29, 883 A.2d at 590–91 (citing and quoting *Gen. Refractories Co. v. Workmen's Comp. Appeal Bd. (Wright)*, 535 Pa. 306, 635 A.2d 120 (1993)).

## ORDER

NOW, June 27, 2006, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

9. Employer argues that, based upon the reasoning set forth in *Beisswanger v. Workers' Compensation Appeal Board (NGK Metals Corporation)*, 808 A.2d 984 (Pa.Cmwlth.2002), this Court should conclude that the statute of limitations set forth in Section 315 of the Act is applicable. However, this Court, in *Beis-* *swanger*, did not address the issue of whether the claim petition was timely under Section 413(a) of the Act, as it was not a case which involved a "history" as described in *Guthrie*. Hence, *Beisswanger* is distinguishable from *Guthrie* and the instant case, and it is not controlling in this instance.