**Michael ROMANOWSKI, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PRECISION COIL PROCESSING), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 18, 2008.

Decided March 12, 2008.

Michael I. McDermott, Philadelphia, for petitioner.

Victoria R. Fogel, Blue Bell, for respondent.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SIMPSON.

In this workers' compensation appeal we are asked to determine which limitations period applies. Michael Romanowski (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) holding Section 413(a) of the Workers' Compensation Act (Act) [1] time barred Claimant's reinstatement petition. Claimant's petition alleged in part that his 1978 work injury, for which benefits were suspended in 1993, resolved into a specific loss of his right foot. The Board

affirmed a decision that Claimant's 2004 petition was outside of the statutory 500–week period following the suspension of his benefits. For the following reasons, we affirm.

Claimant, while employed as a mechanic by Precision Coil Processing (Employer), sustained a 1978 work injury that crushed his right ankle and injured multiple body parts. Employer accepted the work injury and paid Claimant temporary total disability benefits in the amount of $213.00 per week.

Thereafter, Claimant began working at Pep Boys. On January 28, 1993, the parties executed a supplemental agreement which acknowledged Claimant returned to work on January 21, 1993 at wages equal to or greater than his pre-injury AWW of $296.40. WCJ Ex. AC–1. In June 1994, the parties executed a second supplemental agreement that again acknowledged Claimant returned to work on January 21, 1993 at wages equal to or greater than his pre-injury AWW of $296.40. WCJ Ex. AC–2. In 1994, Claimant began working at Bud's Auto.

The 500–week period following the suspension of Claimant's benefits ended in July 2002. In October 2004, Claimant filed a reinstatement petition alleging a worsened condition, decreased earning power and a specific loss of his right foot. Employer filed a timely answer denying Claimant's allegations. At an October 2005 hearing, Claimant withdrew his reinstatement claims and proceeded solely with his specific loss claim. A Workers' Compensation Judge (WCJ) held a series of hearings on the specific loss claim, and both parties submitted medical evidence.

Ultimately, the WCJ determined Section 413(a)'s limitations period barred Claim-

1. Act of June 2, 1915, P.L. 736, *as amended,*     77 P.S. § 772.

ant's specific loss claim because he failed to file a modification or reinstatement petition during the 500–week period when his partial disability benefits were suspended. The WCJ also noted Claimant presented no evidence of fraud or deception to prevent application of the limitations period.

Nevertheless, in the final paragraph of his decision, the WCJ stated:

> At the risk of opening up "Pandora's Box," the Court notes the [AWW] of $296.40 delineated in the two Supplemental Agreements with a corresponding temporary total weekly compensation rate of $213.00 is erroneous. The [AWW] for a $213.00 per week compensation rate should be at least $319.50. If wage records are still available, the parties may wish to recalculate [Claimant's AWW] to determine if indeed he suffered any wage loss during his time at Bud's Auto in the 1990's.

WCJ Op. at 7.

Following the WCJ's observation, Claimant appealed on the basis that he returned to work in 1993 with a partial wage loss. Claimant essentially contended that the 1993 suspension was improper, and he should have received benefits for partial wage loss. Consequently, his 2004 petition was timely.

The Board rejected Claimant's argument. It noted that Claimant's benefits were suspended in 1993 and that the 500–week period following suspension expired in 2002. However, Claimant did not file his petition until October 2004. Relying on *Stewart v. Workers' Comp. Appeal Bd. (Pa. Glass Sand/US Silica)*, 562 Pa. 401, 756 A.2d 655 (2000) (where partial disability benefits were suspended because the claimant returned to work at wages equal to or greater than his pre-injury wage, expiration of 500–week period operates as a bar to a subsequent modification or reinstatement petitions), the Board held Claimant's specific loss claim was properly dismissed as untimely.

The Board also recognized that if Claimant returned to work with a wage loss, he had three years from the end of the 500–week partial disability period to file a modification or review petition. *Id.* However, the Board noted Claimant failed to challenge the supplemental agreements or to petition for reinstatement based on a wage loss. The Board also rejected the WCJ's assumption that Claimant earned a higher pre-injury AWW and returned to work with a wage loss. Claimant's petition for review followed.[2]

■ The second paragraph of Section 413(a), 77 P.S. § 772, relevantly provides (with emphasis added):

> A [WCJ] . . . may, at any time, modify, reinstate, suspend, or terminate a notice *of compensation payable, an original or supplemental agreement or an award of the department or its* [WCJ], *upon petition filed by either party with the department,* upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed: Provided, That, except in

2. This Court's review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating, Inc.)*, 873 A.2d 25 (Pa.Cmwlth.2005).

the case of eye injuries, *no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation* made prior to the filing of such petition. . . . And provided further, *That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable,* unless it be shown that the loss in earnings does not result from the disability due to the injury.

This provision contains two limitations provisions. First, a claimant may file a petition to modify or reinstate benefits from an NCP within *three years* of the most recent payment of compensation. Second, where compensation has been suspended, payments may be resumed during the period for which compensation for partial disability is payable. Section 306(b)(1) of the Act, 77 P.S. § 512(1), states that partial disability is payable for a period not to exceed *500 weeks.* Accordingly, our courts determined that where benefits have been suspended, a claimant may seek further benefits by petition filed within 500 weeks of the suspension. *Stewart.*

Claimant asserts Section 413(a) of the Act does not bar him from recovering specific loss benefits under the circumstances here. He maintains the WCJ and the Board erred by ignoring the WCJ's "finding" that the supplemental agreements indicated Claimant's pre-injury AWW had to be at least $319.50 as opposed to $296.40.

Pursuant to the first paragraph of Section 413(a), Claimant asserts a WCJ may, *at any time,* review, modify or set aside a supplemental agreement "under any petition pending before such [WCJ], if it be proved that such . . . agreement was in any material respect incorrect." 77 P.S. § 771. Additionally, citing Section 420(a) of the Act,[3] Claimant asserts the WCJ and the Board should have investigated the supplemental agreements to determine their accuracy. Because he never returned to work at a wage equal to or in excess of his pre-injury AWW, Claimant argues Section 413(a), as written, does not exclude his specific loss claim.

Employers counters that Claimant's specific loss claim, filed after the expiration of the 500–week period following suspension of his partial disability benefits, is clearly barred by Section 413(a). *Stewart.* Employer asserts Claimant was represented by counsel at the time the supplemental agreements were approved by a WCJ in 1994. Also, Claimant never petitioned to set aside the agreements, and he did not petition to reinstate partial disability benefits based on a subsequent loss in earnings. Employer asserts Claimant did not raise the issue of being owed partial disability benefits until the WCJ noted in his opinion that Claimant's pre-injury AWW for a weekly compensation rate of $213.00 must be at least $319.50.

Legally, because Claimant failed to challenge the supplemental agreements and failed to petition for reinstatement of partial disability benefits during the 500–week period following the suspension of his benefits, we agree that his review petition is

---

**3.** Section 420(a), 77 P.S. § 831, relevantly provides:

> The board, the department or a [WCJ], if it or he deem it necessary, may, of its or his own motion, either before, during, or after any hearing, make or cause to be made an investigation of the facts set forth in the petition or answer or facts pertinent in any injury under this act.

barred by Section 413(a) of the Act. *Stewart. See also Deppenbrook v. Workmen's Comp. Appeal Bd. (Republic Steel Corp.)*, 655 A.2d 1072 (Pa.Cmwlth.1995) (500–week period runs from effective date of suspension; 500–week period is correct limitations period for claims following suspensions). There is no authority that would allow a claimant to stack the limitations periods in Section 413(a) of the Act.

Further, we reject the implication of Claimant's reference to the first paragraph of Section 413(a), 77 P.S. § 771, that he can at any time seek review of the supplemental agreements and seek new benefits. This Court recently reviewed the law in this area, holding that the limitations period in the second paragraph of Section 413(a), 77 P.S. § 772, applies to new claims for specific loss arising where an employer's liability has been established. *Penn Beverage Dist. Co. v. Workers' Comp. Appeal Bd. (Rebich)*, 901 A.2d 1097 (Pa. Cmwlth.2006) (*en banc*).

Factually, Claimant presented no evidence of his earnings at the time he returned to work at Pep Boys in January 1993. Not surprisingly, the WCJ made no findings regarding Claimant's wages at Pep Boys. As a result, we discern no error in the Board's determination that Claimant is bound by the unchallenged supplemental agreements, which show he returned to work on January 21, 1993, at wages equal to or greater than his pre-injury wage of $296.40.

Further, Claimant testified he began working at Bud's Auto in 1994. When asked how much he made, Claimant stated, "I was just making enough to keep me occupied, like $200 a week." Notes of Testimony (N.T.) at 44; Reproduced Record (R.R.) at 59a. However, the WCJ did not make any findings based on this testimony, and the WCJ did not use this testimony as the basis for his assumption that there was an error in the calculation of the AWW.

Finally, we agree with the Board that the WCJ's assumption, that the AWW in the supplemental agreements is too low because it does not correspond with the benefit rate, does not establish a higher pre-injury AWW. As the Board noted, "it is just as likely that the benefit rate was incorrectly calculated." Bd. Op. at 6.

In sum, Claimant's failure to timely challenge the supplemental agreements or seek reinstatement of partial disability benefits within the applicable 500–week limitation period bars any claims under Section 413(a) of the Act; 77 P.S. §§ 771, 772. *Stewart; Deppenbrook*. Discerning no error in the Board's decision, we affirm.

### ORDER

AND NOW, this 12th day of March, 2008, the order of the Workers' Compensation Appeal Board is **AFFIRMED.**