IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Wisniewski,             :
                                      : No. 228 C.D. 2015
                  Petitioner     : Submitted: July 31, 2015
                                        :
               v.                   :
                                        :
Workers' Compensation Appeal   :
Board (Kimbob, Inc., Word      :
Processing Services, Inc.,        :
Selective Insurance Co. of the   :
Southeast, Hartford Fire       :
Insurance Co., and PMA         :
Management Corp.),           :
                                        :
               Respondents  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN             FILED: September 8, 2015

Stephen Wisniewski (Claimant) petitions for review of the January 28, 2015, order of the Workers' Compensation Appeal Board (WCAB) reversing the decision of a workers' compensation judge (WCJ) to grant Claimant's review petitions. We affirm.

On September 27, 1980, Claimant was injured in the course and scope of his employment with Kimbob, Inc. (Kimbob). (WCJ's Findings of Fact, No. 1.) On that date, Claimant was performing construction work on the Pennsylvania

Turnpike when a tri-axle dump truck ran over both of his legs, resulting in fractures of the right femur, the right and left fibulas, the tarsal bones of the foot, and the pubic ramus of the pelvis. (*Id.*, Nos. 1, 9.)

At the time of Claimant's work injury, PMA Management Corporation (PMA) was Kimbob's insurance carrier and paid Claimant wage loss and medical benefits. (*Id.*, No. 2.) Claimant initially returned to work for Kimbob in a light-duty position but was laid off. (*Id.*, No. 10.) Claimant received partial wage loss benefits during that time. (*Id.*) Claimant later worked for Word Processing Services, Inc. (Word) as a full-time copy service technician. (*Id.*, No. 11.)

Claimant and Kimbob entered into a series of supplemental agreements, modifying and ultimately suspending Claimant's benefits based on his earnings. (WCAB's Op. at 1.) Pursuant to a June 20, 1990, supplemental agreement, Claimant's benefits for his 1980 work injury were suspended as of February 20, 1990. (*Id.* at 3-4.)

On September 2, 2011, Claimant underwent a below-the-knee amputation of his right leg. (WCJ's Findings of Fact, No. 14.) On September 6, 2011, PMA filed a petition to review medical treatment, alleging that although PMA was liable at the time of Claimant's original work injury, it was not liable for the subsequent amputation. (*Id.*, No. 2.) At the time of the amputation, Selective Insurance Company of the Southeast (Selective) was Kimbob's insurance carrier, and Hartford Fire Insurance Company (Hartford) was Word's insurance carrier.

(*Id.*, Nos. 3, 5-6.) On February 29, 2012, Claimant filed review petitions against all insurance carriers, seeking specific loss and related medical benefits based on his leg amputation. (*Id.*, No. 4.)

On March 13, 2013, after an evidentiary hearing, the WCJ granted Claimant's review petitions, concluding that Claimant sustained a specific loss of his right leg on September 2, 2011, and that the specific loss arose from his 1980 work injury. The WCJ also granted Kimbob's joinder petition against Selective, finding that Selective was the insurer liable for Claimant's specific loss.

Kimbob and Selective appealed to the WCAB, which reversed the WCJ's decision. The WCAB concluded that Claimant failed to file his petitions for specific loss benefits within 500 weeks of the suspension of his benefits as required by section 413(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772, and, thus, his petitions were time-barred.[1] Claimant now petitions for review of that decision.[2]

_____

[1] Section 413(a) of the Act provides in relevant part:

A [WCJ] . . . may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its [WCJ], upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased . . . . Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased . . . . Provided, That . . . no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation . . . . And provided further, That where compensation has been suspended because the employe's earnings are

**(Footnote continued on next page…)**

3

On appeal, Claimant asserts that the WCAB erred in concluding that his review petitions were time-barred under section 413(a) of the Act. Specifically, Claimant contends that his specific loss claim did not "ripen" until September 2, 2011, when his leg was amputated and that the WCAB ignored relevant case law in rendering its decision. We disagree.

Generally, where a claimant's benefits have been suspended based on a return to work without wage loss, and the claimant later seeks specific loss benefits for an established work injury, he or she must file a petition for specific loss within 500 weeks of the date of the suspension. *Romanowski v. Workers' Compensation Appeal Board (Precision Coil Processing)*, 944 A.2d 127, 130-31 (Pa. Cmwlth. 2008). If the claimant fails to file a petition for specific loss benefits within 500 weeks, his or her claim is time-barred. *Id.* at 131; *see also Cozzone ex rel. Cozzone v. Workers' Compensation Appeal Board (PA Municipal/East Goshen Township)*, 73 A.3d 526, 540 (Pa. 2013) (holding that the claimant's reinstatement

**(continued…)**

equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to the injury.

77 P.S. §772. The period for which partial disability compensation is payable is "the period of such partial disability . . . but for not more than five hundred weeks." Section 306(b)(1) of the Act, 77 P.S. §512(1).

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

petition was time-barred under section 413(a) of the Act where he failed to file his petition within the 500-week period for partial disability benefits or within three years of the date of his most recent disability payment).[3]

Here, Claimant's benefits were suspended as of February 20, 1990, pursuant to a June 20, 1990, supplemental agreement. Claimant has received no wage loss payments since 1990.[4] Claimant did not file his petitions for specific loss benefits until February 29, 2012, 12 years after the expiration of the 500-week period.[5] Claimant's leg amputation arose from the September 27, 1980, work injury. (WCJ's Findings of Fact, No. 76.) Therefore, Claimant's review petitions were time-barred.

Claimant relies on *J.G. Furniture Division/Burlington v. Workers' Compensation Appeal Board (Kneller)*, 938 A.2d 233 (Pa. 2007), and *Lancaster General Hospital v. Workers' Compensation Appeal Board (Weber-Brown)*, 987 A.2d 174 (Pa. Cmwlth. 2009), *affirmed*, 47 A.3d 831 (Pa. 2012), to support his

---

[3] In *Cozzone*, the Supreme Court specifically addressed the interplay between the 500-week limitations period and the three-year limitations period contained in section 413(a) of the Act, concluding that the provisions "are to be construed and considered concurrently." *Id.* at 540. The Supreme Court explained that "Section 413(a) does not authorize the filing of a reinstatement petition within three years of the 500-week deadline; the operative date for the three-year provision is the date of the most recent payment made prior to the [claimant's] filing." *Id.* at 540 n.6. Thus, the three-year provision is inapplicable here because Claimant did not file his review petitions within three years of his last wage loss payment.

[4] Claimant received his final wage loss payment on April 9, 1990. (WCAB's Op. at 4-5.)

[5] The WCAB concluded that Claimant's "500-week period expired no later than January 19, 2000." (WCAB's Op. at 5.) This date is not in dispute.

argument that the 500-week limitations period is inapplicable where, as here, the specific loss did not manifest itself until many years after the initial work injury. These cases, however, are inapposite.

Neither *J.G. Furniture* nor *Lancaster General* involved the applicability of the statute of limitations in section 413(a) of the Act. In *J.G. Furniture*, the parties stipulated that the claimant was entitled to specific loss benefits for his finger amputation, which occurred eight years after his work injury and six years after his last disability payment. 938 A.2d at 235. The only issue before the Supreme Court in *J.G. Furniture* was whether the claimant's specific loss benefits should be calculated based on his average weekly wage at the time of the initial injury or at the time of the amputation. *Id.* at 236. In *Lancaster General*, the claimant suffered an injury to her left eye in 1980 while working for the employer. 987 A.2d at 175. In 2007, after losing vision in her left eye, the claimant underwent a cornea transplant. *Id.* at 175-76. Thereafter, the claimant filed a claim petition against the employer, alleging the loss of the use of her left eye due to the 1980 work injury. *Id.* at 176. Because the claimant filed a new claim petition, section 315 of the Act,[6] rather than section 413(a) of the Act, applied. *See id.* at 181.

We agree with the WCAB that *Romanowski* is precisely on point. In *Romanowski*, the claimant suffered a work-related foot injury in 1978 for which the employer paid him temporary, total disability benefits. 944 A.2d at 128. Pursuant to two supplemental agreements, the claimant returned to work with no

---

[6] 77 P.S. §602.

6

loss of earning power in 1993. *Id.* Eleven years later, the claimant filed a petition for specific loss benefits following the amputation of his foot, which arose from his 1978 work injury. *Id.* This court stated that "the limitations period in the second paragraph of Section 413(a) [of the Act], 77 P.S. §772, applies to new claims for specific loss arising where an employer's liability has been established." *Id.* at 131; *see also Penn Beverage Distributing Company v. Workers' Compensation Appeal Board (Rebich)*, 901 A.2d 1097, 1100-01 (Pa. Cmwlth. 2006) (*en banc*) (stating that where the employer's liability for a work injury has already been established and the claimant seeks to add an injury arising from the original work injury, section 413(a) applies). Therefore, because the claimant filed his petition more than 500 weeks after the suspension of his disability benefits, it was time-barred. *Romanowksi*, 944 A.2d at 130-31.

In this case, it is undisputed that Claimant's benefits were suspended in February 1990 and that he has received no disability payments since 1990. Because Claimant filed his review petitions 22 years later, well beyond the 500-week deadline, the WCAB properly concluded that the petitions were time-barred.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Wisniewski,     :
             : No. 228 C.D. 2015
       Petitioner :
             :
      v.     :
             :
Workers' Compensation Appeal  :
Board (Kimbob, Inc., Word   :
Processing Services, Inc.,    :
Selective Insurance Co. of the  :
Southeast, Hartford Fire    :
Insurance Co., and PMA    :
Management Corp.),     :
             :
      Respondents :

O R D E R

AND NOW, this __8th__ day of __September__, 2015, we hereby affirm the January 28, 2015, order of the Workers' Compensation Appeal Board.

         _____
         ROCHELLE S. FRIEDMAN, Senior Judge